UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Paul C. Meyer, Individually and on
Behalf of others similarly situated
                        Plaintiffs

5:08-CV-1332 GTS/GHL

CLASS ACTION COMPLAINT
JURY TRAIL DEMANDED

V.                            Index #

First Franklin Loan Services, Inc.
Home Loan Services, Inc.
Merrill Lynch & CO. Inc.
                        Defendants

[FILED STAMP: U.S. DISTRICT COURT - N.D. OF N.Y. FILED DEC 11 2008 AT____O'CLOCK Lawrence K. Baerman, Clerk - Syracuse]

Plaintiff Paul C. Meyer, individually and on behalf of all persons similarly situated, alleges as follows:

PARTIES

1. Plaintiff Paul C. Meyer ("Meyer") is a resident of the State of New York.
2. Upon information and belief, Defendant First Franklin Loan Services, INC ("First Franklin") doing business as Home Loan Services, Inc. herein after referred to as ("Defendant") is a Corporation that exists under the Laws of the United States of America (per loan documents) and has its principal office in Pittsburgh, Pennsylvania.
3. Defendant Merrill Lynch & CO is a Delaware Company that maintains its principal place of business in New York, NY.
4. Defendant Merrill Lynch & CO directs, controls, formulates, or participates in the acts or practices alleged in this complaint. Defendants First Franklin Loan Services, INC and Home loan Services Inc. acts in the interests, and is the alter ego, of defendant Merrill Lynch & CO.
5. Defendants are "creditors," as that term is defined in Section 103 (f) of the TILA, 15 U.S.C. 1602(f), and Section 226.2(a)(17) of

        regulation Z, 12 CFR 226.2(a)(17), and therefore are required to comply with applicable provisions of the TILA and regulation Z.

6. Defendants are "debt collectors" as defined in section 803 (6) of the FDCPA, 15 U.S.C 1692a(6).

7. In connection with the servicing and collection of mortgage loans, defendants furnish information to consumer credit agencies. As such, defendants are subject to section 623 of the FCRA, 15 U.S.C. 1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a consumer credit agency.

8. Doe Plaintiffs are persons, partnerships, and entities that have or had a loan serviced by First Franklin Loan Services or Home loan Services, INC.

JURISDICTION

9. Plaintiff Meyer is a resident of the State of New York. Doe Plaintiffs are likely residents of practically all States in the United States.

10. Defendant Home Loan Services, Inc. and First Franklin loan services, Inc do business Nationally and exist under the laws of Delaware.

11. Plaintiff and numerous Doe Plaintiff parties above reside in States other than that of the Defendant and the amount in controversy may exceed the $5,000,000 threshold, exclusive of interest and costs; hence, hereby under 28 USCA 1332 (d) the Federal District Court would have jurisdiction.

12. The above action is a Class Action lawsuit.

13. The above action has Federal Questions of Law such as those pertaining to the Fair Debt Collection Practices Act (FDCPA), a United States Statute as Title VIII of the Consumer Credit Protection Act.

CLAIMS FOR RELIEF

14. Plaintiff Meyer obtained a Loan with First Franklin on January 31, 2006. The Terms of such loan call for the Payment to be due on the 1st of each month and a late charge, " If the Note Holder has not <u>received</u> the full amount of any monthly payment by the end of Fifteen calendar days after the date it is due, I will pay a late charge to the note holder."

15. The calculation of the terms of the late charge is such that a late charge is due if the payment is not received by the end of the 16th day of each month.
16. Defendants use PO BOX 660598, Dallas, TX 75266-0598 as the address to receive payments.
17. Once payments are delivered to PO BOX 660598 above, By law First Franklin loan Services and Home Loan Services INC. has received the monthly payment.
18. The Monthly Billing Statement has consistently stated that a late charge is due, " IF PAID AFTER --/16/yr." Further, the back of the Monthly Billing statement says, "Payments are credited based on the date of receipt,... and that, " late charges will be assessed if your payment is received after the date specified on the front of this statement."
19. Plaintiff Meyer has consistently paid his mortgage payment in full, and such mortgage payments have consistently arrived to First Franklin prior to, "fifteen calendar days after the date it is due."
20. Plaintiff Meyer has been charged numerous times by First Franklin for "late Charges" based on payments received by First Franklin prior to, "fifteen calendar days after the date it is due."
21. Plaintiff Meyer and Plaintiff Doe's have paid late fees that are not justified by terms of their Note.
22. Plaintiff Meyer has consistently sent his Mortgage payment by either U.S. Certified mail or Delivery Confirmation and has kept receipts confirming the time that First Franklin has received payments.
23. Plaintiff Meyer has written Defendant First Franklin, months prior to this action, complaining of unjustified late fees on numerous occasions. Defendant has failed to properly investigate/resolve the complaint.
24. Defendant First Franklin continued unjustified collection practices before and after being notified; the practices exhaust the specter of being a bona fide error; ("error" defined by FDCPA, is limited to clerical mistakes) and Defendant has done so willingly and knowingly. Haynes v. Logan Furniture mart, Inc, 503 F.2d 1161, 1167, (7th Cir.1974)
25. Defendant First Franklins and Home Loan Services, Inc. unfair late charge practice unjustly and unfairly promotes customers to make their payments over the phone, for a fee to First Franklin; further

unjustly enriching Defendant. West v. Costen, 558 F.Supp.564,582 (W.D.Va.1983)

26. Defendant First Franklin Loan Services, Inc., and Home Loan Services, Inc. had no right to charge Plaintiff Meyer and Plaintiff Doe's so similarly situated late fees for payments received by them prior to, "…fifteen calendar days after the date it is due;" or prior to the end of the grace period.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on his behalf and, pursuant to Federal Rule 23 on behalf of the Plaintiff Class consisting of all Debtors paying monthly payments to Defendants.
28. Plaintiff represents a class of ALL Mortgagors and Customers who have been damaged by the Defendant's unlawful and deceptive trade and collection practices (the "Class"), during the monthly collection practices.
29. The Class is so numerous that joiner of all members is impracticable.
30. Common questions of fact and/or law common to the Class exist and predominate over any questions affecting only individual Class members. The common questions of law and fact, include, but are not limited to:
    a. Each Class member is paying a monthly mortgage.
    b. Each Class member was charged a late fee purportedly for a monthly payment received after the grace period.
    c. If Plaintiff proves that these charges were improperly charged then each Class Member was damaged in the identical manner.
    d. A common question of fact and/or the law is whether Defendant committed an unfair or deceptive practice in charging the fee and/or violated the Fair Credit Collection Practices Act.
    e. A common question of fact and/or law is whether the defendant should be enjoined from engaging in the alleged wrongful acts listed herein.
    f. A common question of fact and/or law is the total amount of money that the defendants obtained from their alleged wrongful acts.

31. Plaintiff Meyer's claims are typical of the claims of the Class as a whole because each was charged a fee as set forth based on standard practices by defendant that are common to the class.
32. Plaintiff will fairly and adequately represent and protect the interest of the Class and is willing to serve as a representative of the class. Plaintiff has twenty years litigation experience and is willing to prosecute these actions.
33. A Class action is appropriate in this case for one or more of the following reasons:
    a. The damages suffered by the Class members are small compared to the burden and expense of prosecuting individual actions.
    b. It is virtually impossible for the class members to obtain effective redress for the wrongs alleged in this complaint without a class action.
    c. Litigating this action as a Class action will provide an efficient means of adjudicating the claims and provides the benefits of uniform adjudication, economies of scale, and overall supervision by one court.
    d. Defendants may claim that there is a limited fund available to satisfy the claims of all class members.
    e. Questions of law and fact common to the members of the class predominate over any question effecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
    f. The Defendant has acted on grounds applicable to the Class making appropriate final injunctive relief or declaratory relief with respect to the class as a whole requested as set forth below.

FIRST CAUSE OF ACTION

34. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 above.
35. Defendants conduct violates 15 U.S.C. 1692e(2)a, which prohibits the false representation of (A) the character, and amount of any Debt.

36. Defendants issue a monthly billing statement as a misleading representation and means in connection with the collection of debt.
37. Defendant's actions caused financial damages to plaintiff and plaintiff doe Class.
38. Plaintiff and the Class are entitled to general and specific damages, trebled and attorneys' fees and costs, in an amount to be proved at trial. In the alternative, plaintiff and Class are entitled to Punitive Damages because Defendants wrongful acts were knowing, intentional, willful, reckless, grossly negligent and/or done with the deliberate indifference to the rights of plaintiff and the Class.

SECOND CAUSE OF ACTION

39. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 above.
40. Defendant's conduct violates 15 U.S.C. 1692f (1) which prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by Law.
41. Defendant's actions caused financial damages to plaintiff and plaintiff doe Class.
42. Plaintiff and the Class are entitled to general and specific damages, trebled and attorneys' fees and costs, in an amount to be proved at trial. In the alternative, plaintiff and Class are entitled to Punitive Damages because Defendants wrongful acts were knowing, intentional, willful, reckless, grossly negligent and/or done with the deliberate indifference to the rights of plaintiff and the Class.

THIRD CAUSE OF ACTION

43. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 above.
44. Defendant's conduct violates New York state Consumer protection Law, General Business Law Section 349, Consumer protection from deceptive acts and practices.
45. Defendant's actions caused financial damages to plaintiff and plaintiff doe Class.
46. Plaintiff and the Class are entitled to general and specific damages, trebled and attorneys' fees and costs, in an amount to be proved at

trial. In the alternative, plaintiff and Class are entitled to Punitive Damages because Defendants wrongful acts were knowing, intentional, willful, reckless, grossly negligent and/or done with the deliberate indifference to the rights of plaintiff and the Class.

FORTH CAUSE OF ACTION

47. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 above.
48. Defendant's conduct violates 15 U.S.C 1681 et seq., as amended, and ("TILA") regulation Z, 12 C.F.R. 226.10.
49. Defendant's actions caused financial damages to plaintiff and plaintiff doe Class.
50. Plaintiff and the Class are entitled to general and specific damages, trebled and attorneys' fees and costs, in an amount to be proved at trial. In the alternative, plaintiff and Class are entitled to Punitive Damages because Defendants wrongful acts were knowing, intentional, willful, reckless, grossly negligent and/or done with the deliberate indifference to the rights of plaintiff and the Class.

FIFTH CAUSE OF ACTION Misrepresentation of Amounts owed * note it will be requested of the FTC to Pursue this claim on Classes behalf

51. Plaintiff incorporates by reference all the foregoing paragraphs.

52. In the course and conduct of their loan servicing and collection, defendants in numerous instances have represented, expressly or by implication, that consumers owe the amounts specified in defendants' communications.

53. In truth and in fact, in numerous instances, consumers do not owe the amounts that have been specified in defendants' communications. Consumers do not owe the amounts specified because, for example, (a) fees included in the amounts specified are not allowed under the mortgage contract or permitted by law; and/or (b) the amounts specified have been assessed or calculated incorrectly.

54. Therefore, defendants' representations as set forth in paragraph 52 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

SIXTH CAUSE OF ACTION  Unfair and Deceptive Assessment and Collection of Fees * Note It will be requested of the FTC to pursue this claim on Classes behalf.

55. Plaintiff incorporates by reference all the foregoing paragraphs.

56. In the course and conduct of their loan servicing and collection, defendants in numerous instances have represented, expressly or by implication, that fees assessed and collected by Defendants were (a) allowed under the mortgage contract and (b) permitted by law.

57. On numerous occasions, the fees assessed and collected by defendants were (a) not allowed under the mortgage contract or (b) not permitted by law. Nonetheless, Defendants improperly assessed and collected these fees.

58. Defendants' actions have caused and are likely to cause substantial injury to consumers. This injury is not reasonably avoidable by consumers and not outweighed by countervailing benefits to consumers or competition.

59. Defendants' acts or practices constitute unfair and deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

SEVENTH CAUSE OF ACTION Deceptive Reasonable Basis Claims *
Note it will be requested of the FTC to Pursue this Claim on Classes behalf.

60. Plaintiff incorporates by reference all the foregoing paragraphs.

61. In the course and conduct of their loan servicing and collection, defendants in numerous instances have represented, expressly or by implication, that they possessed and relied on a reasonable basis substantiating their representations about consumers' loans.

62. In truth and in fact, in numerous instances, defendants have not possessed and relied on a reasonable basis substantiating their representations about consumers' loans.

63. Therefore, defendants' representations as set forth in paragraph 61 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

EIGHTH CAUSE OF ACTION
64. Plaintiff incorporates by reference all the foregoing paragraphs.
65. Defendants acts of Charging late fees that they are not entitled to amounts to Fraud.

WHEREFORE, Plaintiff, individually and on behalf of all those similarly situated, prays for relief as follows:

1. General damages against the defendants in an amount to be determined at trial to redress injury to consumers, trebled;
2. Special damages against defendant in an amount to be determined at trial, trebled.
3. Reimbursement of costs and expenses, including reasonable attorneys fees;
4. Prejudgment interest;
5. Disgorgement and/or restitution;
6. Appropriate injunctive relief tom prevent further violations of FDCPA, FTC ACT, TILA's Reg Z, ; and
7. Such further and additional relief as the court deems appropriate and just.

Dated: 12/11/08

By: Plaintiff and Counsel

_____
Mr. Paul C. Meyer
317 Cliffside dr.
Auburn. NY 13021

315-515-0713
pcm678@hotmail.com

Paul Meyer individually and on behalf of
All others similarly situated