UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL C. MEYER, Individually and on
behalf of others similarly situated,

                Plaintiff,                5:08-CV-1332 (GTS/GHL)

v.

FIRST FRANKLIN LOAN SERVICES, INC.;
HOME LOAN SERVICES, INC. and
MERRILL LYNCH & CO. INC.,

                Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

PAUL C. MEYER
  Plaintiff, *Pro Se*
317 Cliffside Drive
Auburn, NY 13021

McGLINCHEY STAFFORD PLLC                    JOHN J. GABLE, ESQ.
  Counsel for Defendants
194 Washington Avenue, Suite 600
Albany, NY 12210

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM DECISION and ORDER

      Currently before the Court in this *pro se* consumer rights action (asserting claims arising under, *inter alia*, the Fair Debt Collection Practices Act, the Truth in Lending Act, the Federal Trade Commission Act, and New York State General Business Law) is Plaintiff's motion for an Order voluntarily dismissing his Complaint on the following terms pursuant to Fed. R. Civ. P. 41(a)(2): (1) that his claims against the three Defendants named in the caption of this Decision and Order be dismissed with prejudice; and (2) that (a) before that dismissal, he be permitted to

amend his Complaint so that Deutsche Bank is added as a Defendant, and so that his claims against Deutsche Bank expressly survive the Order of dismissal, and/or (b) the Order of dismissal expressly provide that any claims that Plaintiff has against Deutsche Bank, arising from the events giving rise to this action, are dismissed only without prejudice to refiling such claims in another jurisdiction.  (Dkt. No. 33.)  Defendants have opposed that portion of the motion that requests leave to amend.  (Dkt. No. 37.)  For the reasons set forth below, Plaintiff's motion is denied to the extent that it requests leave to amend his Complaint, and it is granted to the extent that it seeks the dismissal of his Complaint with prejudice.

I.    **MOTION TO AMEND**

Although Fed. R. Civ. P. 21 governs the addition of new parties to an action, a motion to add a party under Fed. R. Civ. P. 21 is guided by the same legal standard as is a motion to amend a pleading under Fed. R. Civ. P. 15.  *Jones v. McMahon*, 98-CV-0374, 2007 WL 2027910, at *9, n.28 (N.D.N.Y. July 7, 2007) (Lowe, M..J.) [collecting cases].  Under that standard, leave to amend should be freely given in the absence of any apparent or declared reason to not grant leave to amend, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  *McMahon*, 2007 WL 2027910, at *10 [citation omitted].

Here, the Court finds that two apparent reasons exist to not grant leave to amend: (1) undue delay by Plaintiff in waiting until November 9, 2009, to request leave to amend, when he was placed on notice that Deutsche Bank was the owner of the mortgages at issue on May 6, 2009 (when he executed a Mortgage Modification Agreement clearly identifying, in the first

paragraph, "Deutsche Bank National Trust Company" as the "note holder"); and (2) bad faith by Plaintiff in requesting the reinstatement of this action on June 26, 2009 (to the detriment of Defendants) not because his settlement agreement with Defendants had not been consummated but because he wanted to re-craft the consummated settlement agreement (and dismissal order) in order to expressly preserve a future claim against Deutsche Bank. (Dkt. Nos. 26, 28, 33.)

Furthermore, the Court finds that a third reason exists to not grant leave to amend: the Local Rules of Practice for this Court provide that "[a] party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers." N.D.N.Y. L.R. 7.1(a)(4). This requirement is not a mere formality but serves to ensure that the Court (and defendant) knows exactly what amendment would be allowed, if the motion were granted. *Howard v. Potter*, 06-CV-0982, 2008 WL 495569, at *2 (N.D.N.Y. Feb. 20, 2008) (Hurd, J.); *Smith v. West*, 03-CV-1178, 2006 WL 3729316, at *2 (N.D.N.Y. Dec. 15, 2006) (DiBianco, M.J.); *Brown v. Duncan*, 00-CV-0290, 2006 WL 1977469, at *6 (N.D.N.Y. July 11, 2006) (Sharpe, J., affirming Lowe, M.J.). Here, Plaintiff has failed to provide such a proposed amended pleading, despite having been advised of the need to do so through his receipt of the Local Rules of Practice for this Court and the District's *Pro Se* Handbook. (Dkt. No. 4.)

It is worth noting that Plaintiff's status as a *pro se* litigant does not excuse his non-compliance with Local Rule 7.1(a)(4). *See Vanbrocklen v. U.S., Transp. Sec. Admin.*, 08-CV-0312, 2009 WL 1449042, at *2 (N.D.N.Y. May 21, 2009) (McAvoy, J.) [citations omitted]; *see also McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have

never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted], *accord*, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

For all these reasons, Plaintiff's motion to amend is denied.

## II.   MOTION TO DISMISS

The remainder of Plaintiff's motion requests that his claims against the three Defendants named in the caption of this Decision and Order be dismissed with prejudice. (Dkt. No. 33.) The Court notes that Defendants do not oppose this request, and indeed join in it. (Dkt. No. 37; *see also* Dkt. No. 31.) Because this Decision and Order is intended primarily for the review of the parties, the Court need not, and will not, repeat herein the reasons offered by the parties in support of their request for dismissal. Rather, the Court will merely state that, for the reasons offered by the parties in support of this request, the Court finds that dismissal with prejudice is proper.

For these reasons, Plaintiff's Complaint is dismissed with prejudice.

The Court notes that this Decision and Order expresses no opinion as to whether either or both of Plaintiff and Deutsche Bank would be bound by this Decision and Order, in a subsequent action against each other, under principles of issue preclusion (i.e., "collateral estoppel") and/or claim preclusion (i.e., "res judicata"). That issue has not been specifically briefed by the parties, nor is the resolution of that issue necessary to support this Decision and Order.

Finally, the Court also notes that, because the Court finds that adequate cause exists to

dismiss Plaintiff's Complaint with prejudice, the Court need not, and does not, reach the merits of the numerous other pending motions in this action (e.g., Dkt. Nos. 12, 17, 28, 31, 40).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's cross-motion to amend his Complaint so as to add Deutsche Bank as a Defendant (Dkt. No. 33) is **DENIED**; and it is further

**ORDERED** that Plaintiff's cross-motion for an Order voluntarily dismissing his Complaint with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) (Dkt. No. 33) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Court retains ongoing jurisdiction over the enforcement of the settlement agreement reached between the parties in this action.

The clerk is directed to terminate motions at docket numbers 31 and 40 and to enter judgment in favor of the defendants and to close this case.

Dated: January 19, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge